

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Edeli Rivera*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (862) 240-2408*

May 24, 2022

The Honorable Kevin McNulty
United States District Judge
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re: <u>United States v. David Kushner</u>

Dear Judge McNulty:

  Please accept this letter brief in lieu of a more formal brief in support of the Government's application for an Order continuing the proceedings herein pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161.

  On or about March 4, 2021, a grand jury returned an indictment charging Mr. Kushner (the "Defendant") with three counts of tax evasion, in violation of Title 26, United States Code, Section 7201. D.E. 1. On or about November 9, 2021, the Court endorsed an amended scheduling order submitted by the parties, requiring the Government to produce discovery on or before November 23, 2021, and the Defendant to file any and all pretrial motions on or before February 8, 2022. D.E. 19. The Government complied with the scheduling order by producing discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or about November 23, 2021. On or about December 17, 2021, the Defendant's then-attorneys filed motions to withdraw as counsel. D.E. 20-21. On or about April 21, 2022, the Honorable André M. Espinosa, United States Magistrate Judge, held a hearing to address then-counsel's motions to withdraw, which Judge Espinosa granted. D.E. 27. During the hearing, the Defendant indicated that he was in the process of securing new counsel and expected to have new counsel in place within 30 days. In granting the motions to withdraw, Judge Espinosa directed the Defendant to advise his new counsel to enter an appearance within 30 days. D.E. 28. To date, no such appearance has been entered on the docket and the Government is not aware of the Defendant having obtained new counsel.

Throughout the pendency of this matter, the Court has granted various continuances excluding time under the Speedy Trial Act, at the joint request of the parties and in the interests of justice. The most recent continuance granted by the Court expired on or about April 29, 2022, after the Defendant's former counsel withdrew from the matter. During the above-referenced hearing related to the motions to withdraw, Judge Espinosa asked the Defendant if he wished to agree to a continuance, and the Defendant indicated that he did not. However, as indicated above, the Defendant also indicated that he was in the process of securing new counsel to represent him in this matter. In addition, as also indicated above, the Defendant's prior counsel filed their motions to withdraw prior to the Defendant's deadline for filing pre-trial motions. In light of counsel's withdrawal and the Defendant's indication that he was in the process of securing new counsel, the Government has been unable to engage in plea discussions with the Defendant or address the possibility of an amended scheduling order that would contemplate a new deadline for pre-trial motions.

Furthermore, the public health hazard presented by COVID-19 continues to impact the functioning of the Court. In particular, on September 3, 2021, Chief Judge Freda L. Wolfson issued an Updated Amended Standing Order 2021-04. The Order provides that multiple, simultaneous jury trials may be conducted in each of the Court's vicinages. However, the Chief Judge has also ordered that no more than one jury selection, either civil or criminal, shall occur in each vicinage of this Court at one time. There are a substantial number of criminal cases pending jury trial in the District. The Court has developed a system for determining the order in which pending criminal jury trials will take place in each vicinage. Currently, the Court has scheduled other criminal cases for jury trial in the Newark, Trenton, and Camden courthouses.

Accordingly, the Government respectfully requests that the Court enter a 60-day continuance excluding time under the Speedy Trial Act from the date of this motion until July 23, 2022, as such continuance would be in the interests of justice. In particular, such a continuance would permit the Defendant to finalize obtaining new counsel, as he indicated to Judge Espinosa he wished to do. Without the requested continuance, the Government must prepare the case for trial within seventy days of the filing of the Indictment, which would deny the Defendant, who is currently without counsel, "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," see 18 U.S.C. § 3161(h)(7)(iv). Moreover, without the requested continuance, it is unlikely that the parties would be able to engage in meaningful plea negotiations.

        Respectfully submitted,

        PHILIP R. SELLINGER
        United States Attorney

By:   /s/ *Edeli Rivera*
        Edeli Rivera
        Assistant United States Attorney