UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| | : | |
| v. | : | Crim. No. 21-191 |
| | : | |
| DAVID KUSHNER | : | Order for Continuance |
| | : | |
| | : | **To Be Filed Under Seal** |

This matter having come before the Court on the application of Philip R. Sellinger, United States Attorney for the District of New Jersey (by Edeli Rivera, Assistant United States Attorney, appearing), for an Order continuing the proceedings herein pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. On or about April 21, 2022, former defense counsel in this matter withdrew from representation, prior to the filing of pre-trial motions;

2. On or about April 21, 2022, the defendant represented to the Court that he wished to obtain new counsel to represent him in this matter, but to date, new counsel has not entered an appearance;

3. The defendant has indicated that he expects to retain counsel by the end of July 2022;

4. Taking into account the exercise of diligence, the facts of this case would require that the defendant's potential new counsel be

permitted a reasonable amount of time for effective preparation in this matter;

5. Without the requested continuance, the Government must prepare the case for trial within seventy days of the filing of the Indictment, which would deny the Defendant, who is currently without counsel, "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," see 18 U.S.C. § 3161(h)(7)(iv). Moreover, without the requested continuance, it is unlikely that the parties would be able to engage in meaningful plea negotiations;

6. In addition, the public health hazard presented by COVID-19 continues to impact the functioning of the Court. On September 2, 2021, Chief Judge Freda L. Wolfson issued a Second Extension of Standing Order 2021-03 which states in relevant part:

> WHEREAS, due to the continuing COVID-19 pandemic, the National Emergency first declared on March 13, 2020, by the President, remains in effect, as does the national public health emergency, renewed again by the federal government on July 20, 2021; and
>
> WHEREAS, on March 29, 2020, the Judicial Conference found that emergency conditions, consistent with the national emergency declared with respect to COVID-19, will materially affect the functioning of the federal court ("Judicial Conference's finding"), and the Judicial Conference has not terminated that finding[.]

7. Further, on September 3, 2021, Chief Judge Wolfson issued Updated Amended Standing Order 2021-04, which states in relevant part:

> WHEREAS, the transmission of COVID-19 has recently increased, due to the delta and other variants, and on July 27, 2021, the CDC recommended that all persons, including those fully vaccinated against COVID-19, wear a mask in public indoor settings, in areas of substantial or high transmission; and
>
> WHEREAS, all 21 counties of New Jersey are now areas of high transmission, and accordingly, this Court has expanded its efforts to mitigate the spread of the virus by mandating full vaccination of its employees, while continuing its protocols of temperature screening and hand sanitizing by all entrants to the District's courthouses, and mask wearing in all public areas of Court facilities by entrants and occupants thereof, regardless of vaccination status; and
>
> WHEREAS, it is therefore necessary that this Court continue to minimize contact among persons, while at the same time, preserve its core mission of serving the public through the fair and impartial administration of justice[.]

8. Consistent with those findings, the Chief Judge has ordered that multiple, simultaneous jury trials may be conducted in each of the Court's vicinages. However, the Chief Judge has also ordered that no more than one jury selection, either civil or criminal, shall occur in each vicinage of this Court at one time.

9. Further, the Court has ordered that the number of simultaneous criminal jury trials involving detainees in each vicinage shall be limited by the capacity of the United States Marshals Service to manage the detainees, taking into consideration the number of cells

available in the vicinage and the necessity of limiting each cell to one detainee.

10. There are a substantial number of criminal cases pending jury trial in the District. The Court has developed a system for determining the order in which pending criminal jury trials will take place in each vicinage.

11. Currently, the Court has scheduled other criminal cases for jury trial in the Newark, Trenton, and Camden courthouses. The Court does not expect to be able to safely process a jury pool to hear this case for at least ___ days.

12. The granting of a continuance will likely conserve judicial resources; and

13. As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore, is on this 22d day of July, 2022 ORDERED that:

1. This action is continued under the Speedy Trial Act from the date this Order is signed through and including August 7, 2022; and

2. The period from the date this Order is signed through and including August 7, 2022, shall be excludable in computing time under the Speedy Trial Act of 1974.

                                                /s/ Kevin McNulty
                                                HON. KEVIN MCNULTY
                                                UNITED STATES DISTRICT JUDGE

                                                             _____  
                                                             HON. KEVIN MCNULTY  
                                                             UNITED STATES DISTRICT JUDGE